**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 9 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUKHJIVAN SINGH MINHAS, AKA Sonu, | No. 16-73025 |
| Petitioner, | Agency No. A205-585-875 |
| v. | MEMORANDUM* |
| MATTHEW G. WHITAKER, Acting Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 18, 2018
San Francisco, California

Before: GOULD and BERZON, Circuit Judges, and BLOCK,** District Judge.

Sukhjivan Singh Minhas, a native and citizen of India, petitions for review

of an order of the Board of Immigration Appeals ("BIA"), denying his application

for asylum, withholding of removal, and protection under the Convention Against

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

Torture ("CAT"). We review the agency's findings for substantial evidence. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition with respect to his CAT claim, grant the petition with respect to his asylum claim, and remand for further proceedings on his withholding of removal claim and for the BIA to review the Immigration Judge's ("IJ") adverse credibility finding.

1. The BIA did not review the IJ's adverse credibility finding, instead assuming Minhas's credibility but denying his claims for relief on the merits. With respect to Minhas's asylum and withholding of removal claims, the BIA held that Minhas has failed to present sufficient evidence of persecution.

To demonstrate past persecution, an applicant must establish that "(1) his treatment rises to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government was unable or unwilling to control." *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010). Although persecution is "an extreme concept that does not include every sort of treatment our society regards as offensive," *Nagoulko v. I.N.S.*, 333 F.3d 1012, 1016 (9th Cir. 2003), "the cumulative effect of several incidents may constitute persecution," *Krotova v. Gonzales*, 416 F.3d 1080, 1084 (9th Cir. 2005) (internal quotation marks omitted).

As Minhas's testimony, which was assumed to be credible indicates, the

Congress Party attacked him on multiple occasions, one of which left him injured and on bed rest for weeks. Minhas was also told in explicit terms during and after the attacks that he would be killed for his father's political actions. Following the attacks and threats, his persecutors threw stones at his home and visited his job. Although each individual attack or threat made on the basis of his religion and imputed political opinion may have not risen to the level of persecution, the BIA's decision did not meaningfully address the cumulative effect of these actions. Taking into account the cumulative effect of the attacks on *and* threats to Minhas, the BIA's decision concerning past persecution is not supported by substantial evidence.

We therefore grant Minhas's petition as to his asylum claim and remand for further proceedings as to: (1) whether the government has demonstrated either that conditions in India have changed such that Minhas no longer has a well-founded fear of future persecution, or that relocation is possible, *see* 8 C.F.R. § 208.13(b)(1)(i), (ii); (2) whether Minhas satisfies the higher standard of likely future persecution required for withholding of removal, *see Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006), as the claim was not waived on appeal; and (3) the IJ's adverse credibility finding, because the BIA did not reach that issue.

2. With respect to Minhas's claim for protection under the CAT, we conclude that substantial evidence supported the BIA's denial of relief. An

3

applicant for protection under the CAT bears the burden of "establish[ing] that it is more likely than not that he . . . would be tortured if removed" to his country of origin. *Nuru v. Gonzales*, 404 F.3d 1207, 1216 (9th Cir. 2005) (quoting 8 C.F.R. § 208.16(c)(2)). "Torture is defined, in part, as 'any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . for any reason based on discrimination of any kind.'" *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1079 (9th Cir. 2015) (quoting 8 C.F.R. § 1208.18(a)). Although the attacks and threats perpetrated against Minhas were substantial and amounted to persecution, they were not so severe as to constitute torture.

3. Finally, Minhas argues that the BIA abused its discretion in affirming the IJ's discounting of four pieces of evidence: affidavits from his mother and father, a psychological evaluation from a social worker, and a medical and psychological evaluation from a physician. Minhas contends that the agency, in effect, did not afford *any* weight to these documents, despite its purported assignment of "little weight."

The record reflects that the agency did not, in fact, afford any weight to the documents, as it questioned the validity of each piece of evidence. As support for his adverse credibility finding, the IJ concluded that it was "unclear . . . how valid [the parents'] affidavits are because of the similarities," and expressed "serious concerns" as to whether the medical professionals prepared their evaluations.

4

Although the IJ's credibility finding is not before us, the IJ's reasoning regarding the affidavits, and the BIA's adoption of that reasoning regarding the affidavits, reflect that the agency, in effect, rejected the evidence as invalid.

Our case law dictates that the agency, in "rejecting the validity of a document admitted into evidence, . . . must provide a specific, cogent reason for rejecting it, and this reason must bear a legitimate nexus to that rejection." *Zahedi v. I.N.S.*, 222 F.3d 1157, 1165 (9th Cir. 2000). With respect to the affidavits from Minhas's mother and father, the BIA adopted the IJ's reasoning for effectively rejecting them, concluding that the affidavits were "similar in wording and style, and failed to explain why Congress Party members would seek to harm the respondent when his father, his mother, and sister, all of whom remain in India, have not experienced harm since he left that country."

Although the BIA offered a specific, cogent reason for affirming the IJ's finding, the reason does not bear a legitimate nexus to discrediting them entirely or even largely. Although the affidavits contain sentences that are similar and in some instances identical, those similarities are explained in part by the fact that Minhas's parents do not speak English and the same third party translated the affidavits into English for them, and in part by the fact that there is substantial overlap in the events recounted. In other respects, the declarations are quite different, although the overall linguistic styles are similar. It is commonplace in litigation for formal

declarations, such as those from Minhas's parents, to be drafted for and then reviewed by the declarants, and to appear, to a degree, similar in style and wording.

Furthermore, the fact that the affidavits did not answer the agency's remaining questions regarding Minhas's persecution is not a legitimate basis for rejecting the accounts of persecution and potential future harm that were, in fact, discussed. Although the affidavits did not address every facet of Minhas's persecution claim and specifically did not provide a detailed explanation as to why Minhas was the primary target in his family, they did largely confirm Minhas's factual account of past persecution and threats of future harm. Thus, the BIA's two proffered reasons—that the affidavits were similar in wording and style and did not include an explanation the BIA deemed important— are not legitimate bases for deeming the affidavits invalid. We conclude that the BIA abused its discretion and remand for the agency fully to consider the affidavits from Minhas's parents when assessing Minhas's credibility and withholding of removal claim.

With respect to the evaluations from the social worker and physician, the BIA adopted the IJ's conclusion that both pieces of documentary evidence provided an "inadequate foundation" for their medical conclusions and are questionable because neither medical professional testified. The BIA likewise adopted the IJ's independent reasons for questioning the documentary evidence

6

from the medical professionals—that is, that the physician's description of Minhas's stomach pain as lingering conflicted with Minhas's testimony at his immigration hearing, and the social worker specialized in chemical dependency, a field of expertise that has no bearing on Minhas's claims.

We need not address every rationale provided by the agency, as two of the provided reasons are sufficient with respect to the other two affidavits. First, we agree with the agency that the physician's description of Minhas's pain in his evaluation conflicted with Minhas's testimony at his immigration hearing. Minhas's testified that "[i]t took [him] about two to three weeks to *fully* recover because of the injuries." Second, we likewise agree that the social worker's evaluation did not provide an adequate foundation for its diagnostic conclusions. Both of these reasons are specific and cogent and bear a legitimate nexus to the rejection of the evidence. The BIA therefore did not abuse its discretion as to these pieces of documentary evidence.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**